UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nolberto Gonzalez, Selvin Garcia, Jarvin Garcia

                                   Plaintiffs,                     **COMPLAINT**

                -against-

                                                       **JURY TRIAL DEMANDED**

Longford's Ice Cream Ltd.,

                                   Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### I.  JURISDICTION AND VENUE

1. **Federal Question Statute**: 29 U.S.C §201 et. seq. (Fair Labor Standards Act).

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question) & 28 U.S.C. §1332 (Diversity).

3. **Supplemental State Law Statute under 28 U.S.C. § 1367**: Connecticut General Statues §31-76b, and New York Labor Law §650, et. seq. (the New York Minimum Wage Act)

4. **Basis for venue in the southern district court**: (i) 28 U.S.C. §1391(b)(1)- A Defendant resides in the southern district court, and (ii) 28 U.S.C. §1391(b)(2)- A substantial part of the events or omissions giving rise to the claim occurred in the southern district court.

### II.  THE PARTIES

5. Plaintiff Number 1:

   **Name**: Nolberto Gonzalez
   **Street Address**: 54 Haseco Avenue
   **City, State, Zip Code**: Portchester, NY, 10573
   **Abbreviation**: Referred to herein as ("Plaintiff Gonzalez" or "Mr. Gonzalez")

6. Plaintiff Number 2:

   **Name**: Jarvin Garcia
   **Street Address**: 54 Haseco Avenue
   **City, State, Zip Code**: Portchester, NY, 10573
   **Abbreviation**: Referred to herein as ("Plaintiff Jarvin Garcia" or "Mr. Jarvin Garcia")

7. Plaintiff Number 3:

   **Name**: Selvin Garcia
   **Street Address**: 224 William Street
   **City, State, Zip Code**: Portchester, NY, 10573
   **Abbreviation**: Referred to herein as ("Plaintiff Selvin Garcia" or "Mr. Selvin Garcia")

8. Defendant Number 1:

   **Name**: Longford's Ice Cream Ltd.
   **Industry:** Restaurant
   **Street Address for service**: 425 Fairfield Avenue
   **City, State, Zip Code for service**: Stamford, CT, 06902
   **Abbreviation**: Referred to herein as ("Defendant No. 1") or ("the Defendant")
   **Connection to Plaintiff.** During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, ("Defendant No. 1") had the ability to perform one or more of the following actions: (1) hire the Plaintiff(s), (2) terminate the employment of the Plaintiff(s), (3) set the Plaintiff(s))' wage rate(s), (4) maintain payroll records concerning the Plaintiff(s), or (5) institute work rules for the Plaintiff(s)..

### III. PLACE OF EMPLOYMENT

9. The address at which Plaintiffs were employed or sought employment by the defendant is:

   **Street Address**: 4 Elm Pl
   **City, State, Zip code**: Rye, NY 10580

   **Street Address**: 425 Fairfield Avenue
   **City, State, Zip code**: Stamford, CT, 06902

### IV. BACKGROUND FACTS.

#### PLAINTIFF NUMBER 1: NOLBERTO GONZALEZ

10. The Defendant employed Mr. Gonzalez as a W-2 non-exempt wage earner.

11. The Defendant hired Mr. Gonzalez in or around the year 1999.

12. Mr. Gonzalez stopped working for the Defendant on or around December 31, 2021.

13. The Defendant employed Mr. Gonzalez as an ice cream server.

14. Mr. Gonzalez's job duties included performing various duties such as preparing ice cream to

keep in the store.

15. The Defendant paid Mr. Gonzalez on an hourly basis. From 2016 through 2018 Mr. Gonzalez made $22.00 per hour. From 2019-2020 Mr. Gonzalez made $28.00 per hour.

16. The Defendant paid Mr. Gonzalez on a weekly basis.

17. Mr. Gonzalez never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

18. Throughout Mr. Gonzalez's employment with Defendant, Defendant regularly required Mr. Gonzalez to work more than 40 hours per week during the summertime.

19. Throughout Mr. Gonzalez's employment with Defendant, Defendant failed to pay Mr. Gonzalez at one- and one-half times his regular rate of pay for all hours worked over forty hours per week.

20. Each summer, during his tenure of employment, Mr. Gonzalez worked a weekly work schedule of five days per week, Wednesday to Sunday.

21. Each workday started at approximately 6:00 am and ended at 3:00 pm.

22. The Defendant failed to pay Mr. Gonzalez an overtime premium.

## PLAINTIFF NUMBER 2: JARVIN GARCIA

23. The Defendant employed Mr. Jarvin Garcia as a W-2 non-exempt wage earner.

24. The Defendant hired Mr. Jarvin Garcia on or around the year 2004.

25. Mr. Jarvin Garcia stopped working for the Defendant on or around December 31, 2021.

26. The Defendants employed Mr. Jarvin Garcia as an ice cream server.

27. Mr. Jarvin Garcia's job duties included performing various duties such as preparing ice cream to sell in the store.

28. The Defendant paid Mr. Jarvin Garcia on an hourly basis. From 2016 through 2019 Mr. Garcia made $12.00 per hour. From 2019-2020 Mr. Garcia made $22.00 per hour.

29. The Defendant paid Mr. Jarvin Garcia on a weekly basis.

30. Mr. Jarvin Garcia never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

31. Throughout Mr. Jarvin Garcia's employment with Defendant, Defendant regularly required Mr. Jarvin Garcia to work more than 40 hours per week during the summertime.

32. Throughout Mr. Jarvin Garcia's employment with Defendant, Defendant failed to pay Mr. Jarvin Garcia at one- and one-half times his regular rate of pay for all hours worked over forty hours per week.

33. Each summer, during his tenure of employment, Mr. Jarvin Garcia worked a weekly work schedule of five days per week, Wednesday to Sunday.

34. Each workday started at approximately 6:00 am and ended at 3:00 pm.

35. The Defendant failed to pay Mr. Jarvin Garcia an overtime premium.

### PLAINTIFF NUMBER 3: SELVIN GARCIA

36. The Defendant employed Mr. Selvin Garcia as a W-2 non-exempt wage earner.

37. The Defendant hired Mr. Selvin Garcia on or around the year 2008.

38. Mr. Selvin Garcia stopped working for the Defendant on or around December 31, 2021.

39. The Defendant employed Mr. Selvin Garcia as an ice cream server.

40. Mr. Selvin Garcia's job duties included performing various duties such as preparing ice cream to sell in the store.

41. The Defendant paid Mr. Selvin Garcia on an hourly basis. From 2016-2019 Mr. Selvin Garcia made $11.00 per hour. From 2019-2020 Mr. Selvin Garcia made $17.75 per hour.

42. The Defendant paid Mr. Selvin Garcia on a weekly basis.

43. Mr. Selvin Garcia never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

44. Throughout Mr. Selvin Garcia's employment with Defendant, Defendant regularly required Mr. Selvin Garcia to work more than 40 hours per week during the summertime.

45. Throughout Mr. Selvin Garcia's employment with Defendant, Defendant failed to pay Mr. Selvin Garcia at one- and one-half times his regular rate of pay for all hours worked over forty hours per week.

46. Each summer, during his tenure of employment, Mr. Selvin Garcia worked a weekly work schedule of five days per week, Wednesday to Sunday.

47. Each workday started at approximately 6:00 am and ended at 3:00 pm

48. The Defendant failed to pay Mr. Selvin Garcia an overtime premium.

## FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal- 29 USC 201 et. seq.)

49. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

50. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendant and protect the Plaintiffs.

51. Defendant failed to pay the Plaintiff's overtime wages to which Plaintiffs were entitled under the FLSA and the supporting Federal Regulations.

52. Because of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

53. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay wages)
### (Connecticut State Law- Conn. Gen. Stat. § 31-60)

55. Plaintiffs repeat, re-allege, and reincorporate all allegations as though fully set forth herein.

56. The overtime wage provisions set forth in the C.G.S §31-60 *et seq.,* and the supporting federal regulations, apply to Defendant and protect the Plaintiffs.

57. Defendant failed to pay the Plaintiffs overtime wages to which Plaintiffs were entitled under the Connecticut State Law and the supporting Federal Regulations.

58. Because of Defendant's unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the C.G.S §31-60.

59. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful. Defendant did not make a good faith effort to comply

with the C.G.S §31-60 with respect to the compensation of Plaintiffs.

60. Because Defendant's violations of the Connecticut General Statutes have been willful, a two-year statute of limitations applies, pursuant to C.G.S §31-60.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B.  Pre-judgment interest and post-judgment interest;

C.  Reasonable attorney fees and costs of the action;

D.  Pre-judgment interest and post judgment interest;

E.  Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         October 21, 2022

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

6